## JOSEPH HOSKINS v. PINKNEY WALL.

*Purchase Money for Land--Discharge in Bankruptcy.*

A discharge in bankruptcy bars the collection of a debt contracted for the purchase of land, which has been allotted to the debtor as a homestead in the proceedings in bankruptcy.

CIVIL ACTION tried at Fall Term, 1876, of GUILFORD Superior Court, before *Kerr, J.*

The plaintiff brought this action to recover the value of a note given by the defendant for the purchase money of a tract of land bought of one A. C. Caldwell, who afterwards assigned the note to plaintiff. During the pendency of the action the defendant filed his petition in bankruptcy. No creditors proved their claims. His homestead in the land had been assigned by the Sheriff before the commencement of this action, and the assignee in bankruptcy conveyed the reversionary interest in the same to the defendant, and the homestead was re-assigned by order of the Federal Court in the proceedings in bankruptcy. His plea of discharge in bankruptcy was filed and admitted, and as the effect of this discharge is the basis of the decision of this Court, a further statement of the facts is unnecessary. His Honor gave judgment in favor of the plaintiff, and ordered the land to be sold for the payment of his debt. From this judgment the defendant appealed.

*Mr. J. A. Gilmer,* for plaintiff.
*Mr. J. T. Morehead,* for defendant.

PEARSON, C. J. The only question in the case is, does the defendant's discharge in bankruptcy apply to the demand of the plaintiff? We think it does.

The debt to the plaintiff is for the *purchase money of the*

*land.* This, under the Constitution and the statute, rides over the homestead, and the execution creditor can sell the land, the homestead to the contrary notwithstanding, provided he has an execution under which to sell. When he asks for a judgment and execution, he is met by the fact, "the defendant is discharged by a decree in bankruptcy, which is pleaded in bar of the further prosecution of your action." How is this met? The plaintiff says, "I have a lien, or something akin to a lien, (as Mr. Gilmer termed it on the argument), which the bankrupt proceedings are bound to respect." That is the question; What is a lien? —A mortgage is an express lien. A docketed judgment is a lien by statute, and any one wishing to be informed can see for himself by looking at the books of the County. But in regard to obligations for the payment of the purchase money, there is no mode provided by which to give it notoriety. If a vendor makes a deed for the land instead of retaining the title as security, it is his folly. True, when he gets a judgment and issues execution, the homestead is not in his way. In that respect he is better off than other creditors, but he has acquired no lien, no "hold" on the land. Suppose the vendee sells the land to one who knows it has not been paid for, the purchaser has a good title; for the vendor can get no judgment against him, and a judgment against the vendee will not reach property that he has sold. So the vendor, although he has the notes given for the purchase money, has no lien—nothing "that sticks" like a mortgage or docketed judgment.

It follows that the defendant's discharge in bankruptcy bars the plaintiff's debt, and if he can get no judgment and execution, the homestead is not drawn in question.

Error. Judgment for defendant.

PER CURIAM.                    Judgment reversed.