## S. H. SMITH ET AL. *v.* A. F. GOWDY'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 3—538.]

**Judicial Sale of Real Estate.**

Where land is appraised and purchased at a judicial sale for less than two-thirds of its value, the question as to the validity of such sale may be raised upon exceptions filed to the commissioner's report, but where no exceptions are filed and the sale is confirmed, and a writ of possession issues, it becomes final and valid.

**Effect of Discharge in Bankruptcy.**

A discharge in bankruptcy releases a debtor from personal liability, and no personal judgment can be taken against him on such debts, where he sees proper to set up and rely upon his discharge.

### APPEAL FROM TAYLOR CIRCUIT COURT.

January 24, 1882.

OPINION BY JUDGE PRYOR:

It may be assumed in the determination of the questions presented in this case that the whole amount of the notes in controversy was not the purchase-price for the land; and still it appears that the parties had a settlement of their accounts up to a certain period, and in executing the notes it is evident that the payments made were applied to the other transactions between the parties and not to the purchase-money due for the tracts of land sold. The defense of non est factum was decided adversely to the appellants by the jury, as both parties concede, and these notes were executed and delivered by them at the time of the conveyances were made and a lien retained to secure their payment. The appellants do not attempt to show payment, but are endeavoring to avoid the legal effect of the notes and conveyances by showing

that they were not in fact executed for the purchase-price of the land, so as to enforce their claim to a homestead. The party with whom these dealings and settlements were had was dead at the institution of the action and can give no account or explanation of these business transactions, and therefore the chancellor would be reluctant to adopt the appellant's theory of this case merely for the purpose of securing to them a homestead, when there must be grave doubts as to the justice of such a claim, based alone upon the statements made by the appellants, if such statements were competent. The bankrupt proceeding did not prevent the enforcement of this lien or operate to divest the appellee of the right to sell the homestead.

There was no right of redemption in the land sold because the debts were created prior to the passage of the law authorizing such redemption; but as the land was appraised and purchased for less than two-thirds of its value, there might have been some question raised upon exceptions to the commissioner's report as to the exercise of such a right if there had been a great sacrifice of the property, connected with other facts presenting equitable grounds for the interference of the chancellor. There were no exceptions filed to the report of sale, but on the contrary the sale was confirmed and a writ of possession issued. There is an affidavit copied into the record showing that a tender had been made of the purchase-money. This affidavit was filed with the circuit clerk. No motion was based upon it, nor any step taken to prevent the confirmation of the sale. After the court had taken cognizance of the case the chancellor had the power to enforce the lien, but as a petition in bankruptcy was subsequently filed, the proceedings, so far as the personal judgment was concerned, should have been stayed. The discharge in bankruptcy operated to release the appellant from all personal liability on these debts, and for that reason the personal judgment is reversed that appellants may rely, if they see proper, on their discharge in bankruptcy; but as to the proceedings in rem to enforce the lien it will not be disturbed, and the judgment is to that extent *affirmed*.

*Belden & Collins*, for appellants.
*W. E. & S. A. Russell*, for appellee.