THOMAS S. NICKERSON and Others v. MARY JANE CRAWFORD and
Another.

December 2, 1898.

Nos. 11,260—(107).

**Exemption—Const. art. 1, § 12 Self-Executing.**

Section 12 of article 1 of the constitution of the state provides that
"all property so exempted [in pursuance of the first clause of the section]
shall be liable to seizure and sale for any debts incurred to any person
for work done or materials furnished in the construction, repair, or im-
provement of the same." *Held*, that this provision is self-executing, and
has the effect of subjecting property exempt from other debts to seizure
and sale for the debts specified to the same extent, and in the same
manner, as if no exemption law existed.

**Improvement of Homestead—Sale on Execution.**

Where the debt is for materials furnished to erect a dwelling on a
homestead, the creditor can obtain an ordinary money judgment, and
seize and sell the property on execution, the same as any other real
estate of his debtor.

**Same—Assignment of Debt—Promissory Notes.**

The land remains subject to seizure and sale in favor of a transferee
of the debt, and although promissory notes of the debtor may have been
taken as evidences of it, and renewed from time to time.

Action in ejectment in the district court for Sherburne county.
The case was submitted upon an agreed statement of facts, which
was adopted by the findings. From a judgment for defendants
entered pursuant to an order of Lancaster, J., plaintiffs appealed.
Reversed.

*Charles S. Wheaton,* for appellants.

Const. art. 1, § 12, confers the right to sell the homestead for any
debt that is contracted for its improvement, but does not point out
the way in which it shall be sold. The effect of this constitutional
provision is to abolish the whole right of homestead when the debt
is for improvements, and leave it as if there was no homestead
right at all; that judgment should be entered, and execution issued
and sale made under it, and that the questions whether the land is

in fact a homestead and, if so, whether the debt is for improvement must be determined either in an action to enjoin the sale or in ejectment to recover the land after the expiration of the time for redemption. The words "seizure and sale" as used in Const. art. 1, § 12, contemplate a money judgment and sale on execution. See Rogers v. Brackett, 34 Minn. 279. Similar constitutional provisions in other states have received this construction. See Owens v. Bowie, 2 Md. 457; Betts v. Bagley, 12 Pick. 572; Waples, Homest. 333–337, 361, 362, and cases cited; Pratt v. Topeka, 12 Kan. 570; Nichols v. Overacker, 16 Kan. 54; Greeno v. Barnard, 18 Kan. 518. So also with the constitutional provision excepting homestead exemptions against claims for purchase money. See Hurd v. Hixon, 27 Kan. 722; Reynolds v. Williams (Ky.) 4 S. W. 178; Bush v. Scott, 76 Ill. 524; Kimble v. Esworthy, 6 Bradw. 517; Williams v. Jones, 100 Ill. 362; Durham v. Bostick, 72 N. C. 353; Smith v. High, 85 N. C. 93; Boone v. Hensley, 62 Ark. 398.

The fact that one of the two notes given for the improvement was discounted at a bank and its payment guarantied by the plaintiffs, and that defendants made several renewal notes with the same guaranty and that finally the bank reassigned the last note to plaintiffs, does not affect the right of plaintiffs to enforce it as a debt for improvements on the homestead. Combination Steel & I. Co. v. St. Paul City Ry. Co., 47 Minn. 207; Hanson v. Tarbox, 47 Minn. 433; Geib v. Reynolds, 35 Minn. 331; Langevin v. Bloom, 69 Minn. 22; Waples, Homest. 346–350. See also Birrell v. Schie, 9 Cal. 104; Dillon v. Byrne, 5 Cal. 455; Thompson, Homest. § 360; Carr v. Caldwell, 10 Cal. 380; Wofford v. Gaines, 53 Ga. 485; McElmurray v. Blue, 91 Ga. 509; Bradley v. Curtis, 79 Ky. 327; Greer v. Oldham (Ky.) 11 S. W. 73.

*Frank T. White*, for respondents.

In carrying out the provisions of Const. art. 1, § 12, the statute gives the homestead exemption absolutely, without making the right to it depend upon any affirmative action by the person claiming it to prevent an officer levying upon it or about to levy upon it. Ferguson v. Kumler, 25 Minn. 183.

G. S. 1894, §§ 6229, 6236, provide how a mechanic's lien shall be

created. In Meyer v. Berlandi, 39 Minn. 438, it is held that the filing of a verified statement for record operates in itself as a creation of the lien and until this is done an action to enforce it cannot be maintained. See also Rugg v. Hoover, 28 Minn. 404. Where parties enter into an express agreement inconsistent with the existence of a mechanic's lien, the lien is waived. Flenniken v. Liscoe, 64 Minn. 269. Prior to the amendments of 1888 to Const. art. 1, § 12, homesteads were absolutely exempt. Cogel v. Mickow, 11 Minn. 354 (475). The amendments simply allow a filing of mechanic's lien in certain cases.

Where a constitutional provision furnishes no rule for its own enforcement, or where it expressly or impliedly requires legislative action to give effect to purposes contemplated, it is not self-executing. See 6 Am. & Eng. Enc. (2d Ed.) 915, 916.

MITCHELL, J.

The defendant Mary Jane Crawford was the owner of 80 acres of land, which she occupied, and still occupies, as a homestead. In 1891 she purchased from the plaintiffs a quantity of lumber for the purpose of erecting, and which was actually used in erecting, a dwelling house on the premises. For the purchase price of the lumber she executed to the plaintiffs two promissory notes. One of these notes the plaintiffs discounted at a bank, guarantying payment. When this note matured, it was renewed by defendant giving a new note, indorsed by the plaintiffs, and payable to the bank. This note was renewed from time to time by other notes of like tenor. The defendant having failed to pay the last renewal note, the plaintiffs, as indorsers, were compelled to pay it; the bank transferring it to them. On this note and the other note retained by the plaintiffs they brought an ordinary action for the recovery of money, and obtained judgment against the defendant, on which they caused execution to be issued, and the land already referred to to be levied on and sold, they themselves being the purchasers at the execution sale. The time of redemption having expired, and no redemption having been made, the plaintiffs brought this action to recover possession of the premises.

1. Article 1, § 12, of the constitution, as originally adopted, provided that

"A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability; the amount of such exemption shall be determined by law."

This was not self-executing, but contemplated and required legislative action to carry it into effect. Kelly v. Dill, 23 Minn. 435. The legislature did carry it into effect by passing a law determining the amount of the exemption.

In 1888 this section of the constitution was amended by adding thereto:

"Provided however that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same; and provided further that such liability to seizure and sale shall also extend to all real property for any debt incurred to any laborer or servant for labor or service performed."

These provisos are clearly self-executing. Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110. They require no legislation to carry them into effect. Their direct effect is to make property, which is exempt from seizure and sale for other debts, liable to seizure and sale for debts of the kinds enumerated, to the same extent, and in the same way, as if no exemption law existed.

The contention of defendants' counsel, if we correctly understood him, is that this constitutional amendment makes debts of the specified classes liens on the otherwise exempt property, and that the only remedy which the legislature has provided is to enforce the lien under the provisions of the mechanic's lien law. But the constitution furnishes no basis for any such claim. It does not make the specified debts a lien on the property, but merely provides that the otherwise exempt property shall be subject to seizure and sale for such debts. They may be a lien under some statute, but, so far as the constitution is concerned, debts of the enumerated classes only become liens on a homestead when reduced to judgment and docketed; and then they become liens on the homestead, the same as on any other real estate of the debtor.

74 M.—24

Neither by the constitution nor by any statute is the creditor restricted to any particular form of remedy for the collection of his debt out of the homestead or other exempt property. The constitution leaves him to seize and sell it as he might any other property under the general statutes of the state, which would be by obtaining and docketing an ordinary money judgment, and then selling the property on execution. This is the common practice in this state, and, so far as we have examined, of every other state having similar constitutional or statutory provisions. Waples, Homest. 333, et seq., and cases cited; Smith v. High, 85 N. C. 93; Greeno v. Barnard, 18 Kan. 518; Hurd v. Hixon, 27 Kan. 722.

2. There is nothing in the taking, renewing or discounting defendants' notes for the price of the lumber which at all affects the case. There is no finding of the court, or any claim made, that any of these notes were taken in absolute payment of the debt. Through all the mutations of the evidences of it, the debt remained the same.

Neither is the fact that some of the renewal notes were, at the direction or with the consent of the plaintiffs, made payable to the bank, at all material. The liability of this property to seizure and sale for this debt existed in favor of plaintiffs' assignees as well as in favor of themselves. Waples, Homest. 346, et seq.; Langevin v. Bloom, 69 Minn. 22, 71 N. W. 697. The principle involved is the same whether the debt is a lien on specific property, or whether, as in this case, the property is subject to seizure and sale for the debt.

What counsel says as to the extension of time by the acceptance of renewal notes is based upon the erroneous assumption that plaintiffs' remedy was by enforcement of a lien under the mechanic's lien law, and hence need not be further considered.

The judgment is reversed, and the cause remanded, with directions to the court below to amend its conclusions of law in accordance with this opinion, and, upon the facts found, to order judgment for the plaintiffs, as prayed for in the complaint.