C. C. BAGLEY v. W. H. PENNINGTON and Another.

May 9, 1899.

Nos. 11,626—(69).

Homestead—Mechanic's Lien—Attachment.

> *Held* a homestead is not exempt from execution on a judgment entered
> on an indebtedness incurred for labor and material furnished in erect-
> ing a house on the homestead, and a lien for the sum due may be ac-
> quired in the action as well by levying an attachment as by docketing
> the judgment.

Appeal by plaintiff from an order of the district court for Martin
county, Quinn, J., overruling a demurrer to the answer. Affirmed.

*C. M. O'Neill,* for appellant.

*Voreis & Mathwig,* for respondents.

CANTY, J.

At 9 a. m. an attachment was levied by defendants on 80 acres of
land, the homestead of one Littlefield. On the same day he and his
wife conveyed the premises to one Hoyt, who recorded his deed
at 5 p. m. on that day. Hoyt subsequently conveyed to plaintiff,
and thereafter judgment was entered and docketed in the attach-
ment suit in favor of the plaintiffs therein and against Littlefield.
Execution was issued on the judgment, and levied on the land, the
sheriff proceeded to sell the same, and plaintiff brought this action
to enjoin the sale. These defendants, in their answer, admitted
all of the above facts, and alleged that the debt due to them from
Littlefield, on which the judgment was entered, was incurred for
labor and material furnished in building a house for him on his said
homestead at a time when he so occupied it as such. To this an-
swer plaintiff demurred, on the ground that the answer does not
state a defense or counterclaim, and appeals from an order over-
ruling the demurrer.

In our opinion, the order should be affirmed. Only one question
is here raised which has not been effectually disposed of by Nicker-
son v. Crawford, 74 Minn. 366, 77 N. W. 292, and that question
arises by reason of a mere inadvertence in the language used in that

case. It was held in that case that the proviso added by amendment to section 12, art. 1, of the constitution, is self-acting; that debts incurred for work done or materials furnished in construction, repair, or improvement on the homestead need not be enforced against it by mechanic's lien proceedings, but may be enforced against it by execution. It is further stated, at page 369, that,

"So far as the constitution is concerned, debts of the enumerated classes only become liens on a homestead when reduced to judgment and docketed; and then they become liens on the homestead, the same as on any other real estate of the debtor."

It will be observed that, while the attachment in the case at bar was levied before the deed from Littlefield to Hoyt was recorded, the judgment was entered and docketed afterwards, and appellant, relying on the language above quoted, contends that the attachment was no lien on the homestead of Littlefield, and that, as the conveyance from him was recorded before the judgment was entered, these defendants never acquired any lien on the land. The language above quoted was used with reference to the case then before the court, and it is plain, from reading the whole decision, that the question of whether or not a lien could be acquired by levying an attachment, as well as by docketing the judgment, was not in the mind of the court at all. On the clearest principles, there can be no doubt that such a lien can be acquired as well by levying an attachment as by docketing a judgment.

Order affirmed.