### GRAHAM & COMPANY *v.* RICHERSON.

There being in this State no vendor's lien for the price of property sold, a discharge in bankruptcy is a good defense to an action upon an ordinary unsecured debt contracted for the purchase of personalty, when the name of the holder of such debt was included in the schedule of the bankrupt's creditors and such holder had due notice of the proceeding in bankruptcy. This is so though he may, during the pendency of such proceeding and before the discharge was granted, have sued out such an attachment for the purchase-money and caused the same to be levied upon the property he had sold the bankrupt.

Submitted May 1, — Decided July 22, 1902.

Certiorari. Before Judge Brinson. Richmond superior court. December 27, 1901.

*F. W. Capers,* for plaintiffs, cited 5 Am. B. R. 311; 65 *Ga.* 427; 57 *Ga.* 604.

*H. C. Roney,* for defendant, cited bankrupt act of 1898; Foster, Bkcy. 3, 167; 68 Md. 443, 13 Atl. 356; 95 Fed. 419; 94 Fed. 121; 2 Am. B. R. 163; 5 Id. 42.

FISH, J. John T. Richerson was indebted to L. Graham & Co. upon an unsecured account for the purchase-money of certain goods sold to him by them. He filed a petition in bankruptcy; the debt was duly scheduled, and Graham & Co. were properly notified. They made no appearance in the bankruptcy court. The goods were set apart to the bankrupt by the trustee, as an exemption. Subsequently, and pending the proceedings in bankruptcy, Graham & Co. sued out an attachment for the purchase-money of the goods, and the same were levied on. Pending the attachment suit Richerson was discharged in bankruptcy, and he pleaded his discharge in bar of a recovery on the attachment. The facts having been agreed upon by the parties on the trial of the attachment in a justice's court, the magistrate rendered judgment against Richerson, who took the case by certiorari to the superior court, where the judgment of the magistrate was reversed; the judge holding that the discharge in bankruptcy was a complete defense to the action. To this ruling Graham & Co. excepted.

The judge of the superior court correctly decided the case. A discharge in bankruptcy releases a bankrupt from all his provable debts except those expressly excepted by the bankrupt act, and a debt for purchase-money is not among those excepted. It is true that under the constitution of this State an exemption is subject to levy and sale for the purchase-money thereof, but our law gives a vendor no lien for purchase-money; and before exempted property can be sold for its purchase-money, judgment must be obtained against the debtor and execution be levied on the property. If the debtor be discharged in bankruptcy, he is thereby absolutely released from the purchase-money debt, and the creditor holding the same can not obtain judgment thereon in order to have the property sold. If there be no judgment and execution, the question whether or not the exemption is subject for the purchase-money can not arise. Hoskins *v.* Wall, 77 N. C. 249.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*