Argued 11 January, decided 13 February, 1905.

GROVES *v.* OSBURN.

79 Pac. 500.

EFFECT OF DISCHARGE IN BANKRUPTCY ON· RIGHT OF CREDITOR THEREAFTER TO EQUITABLY ENFORCE CLAIM AGAINST HOMESTEAD.

After a debtor has been discharged in bankruptcy, a debt cannot be enforced in equity by a proceeding in rem against the homestead set apart in the proceedings to the bankrupt, though the debt was contracted prior to the adoption of the state homestead exemption act (B. & C. Comp. § 221), which applies only to the enforcement of a judgment obtained on liabilities thereafter contracted, and though a judgment so obtained might have been enforced against such homestead before the debtor's discharge in bankruptcy.

From Benton: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is a suit by Emma K. Groves, as executrix of the estate of William Groves, deceased, against John M. Osburn. The defendant was adjudged a bankrupt November 23, 1900, and was discharged of his debts by order of the federal court May 29, 1901. His homestead, consisting of lots 1, 2, 8, and 12 in block 3 in the County Addition to the City of Corvallis, was set apart to him in the course of the bankruptcy proceedings, and the estate was fully settled and the trustee discharged in 1902. The purpose of the present suit, instituted March 23, 1903, is to subject the homestead to the payment of four certain promissory notes executed by the bankrupt on and prior to June 2, 1891. These notes were provable and proved as claims against the bankrupt's estate, but only a small dividend was paid thereon out of the assets. The circuit court dismissed the suit, and the plaintiff appeals.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. W. S. McFadden* and *Mr. E. E. Wilson.*

For respondent there was a brief over the name of *Yates & Yates,* with an oral argument by *Mr. W. E. Yates.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

The sole question involved is whether a court of equity has jurisdiction of the cause, since the bankrupt has been discharged of the debts upon which the suit is founded. The homestead exemption act within this State was adopted in 1893, and the exemption is against all liabilities thereafter contracted, or the enforcement of any judgment obtained upon such liabilities: B. & C. Comp. § 221. The indebtedness upon which this suit is premised is therefore unaffected by the act, and but for the proceedings in bankruptcy the plaintiff would have a clear right of action, not of suit, thereon, and the judgment obtained could have been enforced against the property. The strong contention of counsel for the plaintiff is that because the defendant has been discharged of his provable debts, of which character are the demands in suit, she has no adequate remedy at law,

and therefore that a suit will lie as a proceeding in rem—not against the person—to subject the property to the payment of such demands. This must, we think, depend entirely upon the question whether the plaintiff has an equitable lien upon the homestead, for it cannot be that the one circumstance that the plaintiff has been deprived of her right of action to proceed to judgment upon the indebtedness will alone confer jurisdiction upon a court of equity to entertain a suit thereon. This view is practically conceded by the very position sought to be maintained, namely, that the suit is not personal in character, but solely in rem. In so far as it respects the homestead exemption under the state law, the jurisdiction of the court of bankruptcy extends merely to a determination of its character as such, and when so determined it is required to set the property aside to the use of the bankrupt unless it might retain jurisdiction in exceptional cases, of which it is not now necessary to inquire: 5 Cyc. 359; *Lockwood* v. *Exchange Bank,* 190 U. S. 294 (23 Sup. Ct. 751, 47 L. Ed. 1061); *In re Hatch.* 102 Fed. 280 (4 Am. Bankr. Rep. 349); *In re Ogilvie,* 5 Am. Bankr. Rep. 374; *In re Jackson* (D. C.), 116 Fed. 46; *Ingram* v. *Wilson,* 125 Fed. 913 (60 C. C. A. 618). So that, when the property in question was set apart to the bankrupt as exempt, the jurisdiction of the federal court over it was at an end.

It is insisted that the lien exists by analogy to the doctrine under the old law that where a contract was made with a married woman upon the faith of her separate estate, there being no right of action against her because she was a feme covert, a suit in equity was entertained to subject her property to the payment of the liability thus incurred. The rationale of the doctrine alluded to is concisely stated by Mr. Pomeroy: "The liability of a wife's separate property to her engagements is a mere equitable incident of her separate estate, which is itself a creature of equity." In further elucidation the learned author quotes from Lord COTTENHAM as follows: "The separate property of a married woman being a creature of equity, it follows that if she has a power to deal with it, she has the other power incident to property in general, namely, the power of contracting debts to

be paid out of it; and, inasmuch as her creditors have not the means at law of compelling payment of those debts, a court of equity takes upon itself to give effect to them, not as personal liabilities, but by laying hold of the separate property as the only means by which they can be satisfied": 3 Pomeroy, Eq. § 1122. The logic of the situation was not that the wife's contracts created specific charges upon her separate estate, but that for the enforcement of such contracts equity afforded recourse to such property, which was in itself an equitable estate. Of course, there was the idea and condition that the claimant had no adequate remedy at law, but, unlike the case at bar, no such remedy ever did exist, and the jurisdiction of equity attached. from the very inception of the claim. The analogy which counsel seek to draw is not apparent, nor does it suggest any legal principle by which a lien of any character upon the exempt homestead may be predicated in favor of these creditors. Nor is the principle that the vendor may in some jurisdictions have a lien for the purchase money (*Smith* v. *Gowdy's Admr.* 3 Ky. Law Rep. 538) adequate to impress a lien in the present case, because no such relation exists.

Another principle upon which it is urged that a lien exists against the homestead for these demands is that they stand in the like relation as if the defendant had, as he might do in Georgia, especially waived his exemption when the debts were contracted. In that State, however, the special provisions of the statute touching waiver impart to it the character of a security for the payment of the debts or obligations in favor of which it is made, and the equitable jurisdiction is enlarged so that a receiver may be appointed to take possession of, and hold subject to the order of the court, any assets charged with the payment of debts, by reason whereof, coupled with the fact that the creditor has no remedy at law against the bankrupt, it has been held that he has a remedy in equity to subject the exempt property to the payment of his demands: *Bell* v. *Dawson Grocery Co.* 120 Ga. 628 (12 Am. Bankr. Rep. 159, 48 S. E. 150). But for the statutory provisions alluded to, however, it is manifest from a reading of the case that equitable jurisdiction

would not have been entertained. We have no such regulations in this State. It will be noted, also, that the cause was instituted and the property taken into the custody of the law before there was any discharge of the bankrupt from his debts or liabilities, for the court says: "Doubtless the bankrupt court will defer the discharge of the bankrupt, in accordance with the ruling in the Lockwood Case (190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061), until the creditor can have an opportunity to obtain a judgment against the exempted property." The doctrine promulgated in Georgia is therefore not of general application, and is insufficient upon which to base a lien in jurisdictions where there are no statutory regulations giving such effect to a waiver of the exemption.

It is further affirmed as a principle of law that by the filing of the complaint in this cause, which complaint, it is asserted, should be treated as a creditors' bill, a lien was thereby acquired, citing 12 Cyc. 61. The principle sought to be invoked, however, is without application here. It relates to a condition where a creditor, who by his superior diligence has discovered or uncovered property which could not be seized on an execution at law, is awarded a lien in preference to other creditors who may act with less celerity and success, but such suits are based upon existing indebtedness, and generally upon judgments theretofore obtained, and could not be maintained without such foundation for their support, so that the conditions are entirely dissimilar to those paramount in the case at bar.

This answers seriatim the several positions of counsel whereby it is urged that equitable jurisdiction ought to attach in the present suit. Where there is a lien, as in the case of a mortgage, it may be enforced, although the debt is barred by the statute of limitations; but where there is no lien, and the debt is barred, a remedy that was alone at law is entirely lost. So it must be in the present case. The debtor having been discharged by the bankruptcy proceedings before the plaintiff attempted to enforce her demands, her remedy is entirely swept away, unless the bankrupt has waived the discharge. If prior to the bankrupt's discharge plaintiff had taken proper action with a view

to subjecting this property to the payment of her demands, there is little question that the federal court would have withheld the discharge until ample opportunity would have been afforded for the accomplishment of the purpose, and the remedy at law would perhaps have been adequate: *Bell* v. *Dawson Grocery Co.* 120 Ga. 628 (12 Am. Bankr. Rep. 159, 48 S. E. 150); *Lockwood* v. *Exchange Bank,* 190 U. S. 294 (23 Sup. Ct. 751, 47 L. Ed. 1061); *Sharp* v. *Woolslare,* 25 Pa. Super. Ct. 251 (12 Am. Bankr. Rep. 396); *Powers' Dry Goods Co.* v. *Nelson,* 10 N. D. 580 (88 N. W. 703, 58 L. R. A. 770). But having waited until the debts were themselves discharged, she is now remediless in either forum. The decree of the circuit court will therefore be affirmed.                                        AFFIRMED.