ELIJAH HASEY v. WILBERT H. McMULLEN and Another[1].

December 24, 1909.

Nos. 16,386—(148).

**Homestead — Lien for Labor and Material — Constitution.**

Section 12 of article 1 of the state constitution, providing that a homestead shall be subject to seizure and sale for the payment of debts incurred for labor and material in its construction, improvement or repair, does not of itself create a lien upon the property which may be enforced in an action for foreclosure.

**Same — How Lien May Be Obtained.**

A specific lien for the debts enumerated in the constitution may be acquired in one of three ways: (a) By proceeding under the mechanic's lien statute; (b) by attachment in an action at law to recover the debt; or (c) by reducing the claim to judgment.

**Action to Recover Such Debt — Right to Jury Trial.**

An action to recover such a debt is not, though the complaint disclose the fact that the claim was for labor and material furnished in the repair of defendant's homestead, an action or proceeding in equity to foreclose a lien, for no lien in fact exists by force of the constitution, but is one at law in which the parties are entitled to a jury trial.

**Order Denying Jury Trial — Reviewable on Appeal from Order Denying New Trial.**

An order denying a motion for a jury trial, made when the cause is called for trial in its order on the calendar, is, within the purpose of the statute on the subject of new trials, an order made during the trial and reviewable on an appeal from an order denying a new trial.

**Waiver of Jury Trial.**

The waiver of a jury trial must affirmatively appear. St. Paul Distilling Co. v. Pratt, 45 Minn. 215, distinguished.

Action in the district court for Hennepin county to recover $92.69, for work and materials alleged to have been furnished in the repair of certain premises occupied by defendants; that the judgment be decreed to be a lien upon the premises; and that the premises be or-

---

[1] Reported in 123 N. W. 1078.

dered sold to pay the judgment. The substance of the answer and reply and the facts are stated in the opinion. The case was tried before Holt, J., who made findings and as conclusions of law found plaintiff entitled to a lien upon the premises for the sum of $91.94, and ordered the premises sold to satisfy the lien. From an order denying defendant's motion for a new trial, he appealed. Reversed and new trial granted.

*S. R. Child* and *Benjamin Drake,* for appellant.

*Mead & Robertson,* for respondent.

BROWN, J.

This action was brought to recover for certain labor and material furnished defendants in installing and repairing a heating plant in their residence, situated upon the property particularly described in the complaint, and which, we infer from the allegations, constituted their homestead. The prayer for relief is that plaintiff have and recover the value of said work and material, and that the same be declared a specific lien upon the premises described. Defendant answered, admitting the performance of the work and the furnishing of the material, but alleged affirmatively that the work was unskilfully performed, the material poor and inappropriate for the purposes intended, and that the same, both the work and the material, were of no value whatever. Defendants also interposed a counterclaim for damages resulting from the poor material used in the repair of the heating plant and the unskilful workmanship. The reply was a general denial.

On the preliminary call of the calendar at the term of court at which the cause was noticed for trial, it was set down as a court case, and for trial on May 3, 1909. Whether this was by consent of the parties is not disclosed by the record. The cause was reached in its regular order on May 5, and counsel for defendants then moved the court for a jury trial. The motion was denied, and the cause ordered to proceed to trial before the court without a jury, on the ground that the action was one in equity in which the parties were not entitled to a jury as a matter of right. Defendants then asked for a continuance, and, on a denial thereof, took no further part in the trial or

proceedings. Plaintiff then proved his case, the court made findings of fact and conclusions of law, to the effect that plaintiff was entitled to judgment as prayed for in the complaint, viz., for the amount of his claim, and that the same be declared a specific lien upon defendants' property. Defendants subsequently moved for a new trial on the grounds: (1) Of errors in law occurring at the trial and duly excepted to; and (2) that the findings of the trial court were not sustained by the evidence and were contrary to law. The motion was denied, and defendants appealed.

The labor and material mentioned, for which the action was brought to recover, were furnished defendants in the repair of the heating plant contained in their homestead, and for the payment of which, under section 12 of article 1 of the state constitution, that particular property was liable to seizure and sale. Plaintiff's theory of his rights seems to be that the constitutional provision referred to creates a lien for the amount due for labor and material used in the construction, repair, or improvement of a homestead, and he brought his action to foreclose the same. In this plaintiff is clearly mistaken.

The provisions of the constitution controlling the question are as follows: "* * * A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law. Provided, however, that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same. * * *" This, so far as we are advised, has never been understood as creating a lien for the value of services or material, as that term is properly employed, in favor of laborers or materialmen. The effect of the proviso contained in the section of the constitution above quoted was to place exempt property upon the same basis respecting its liability for debts of the owner incurred in its improvement or repair as other property. Or, as expressed in Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292, 73 Am. St. 354, its "direct effect is to make property, which is exempt from seizure and sale for other debts, liable to seizure and sale for debts of the kind enumerated, to the

same extent, and in' the same way, as if no exemption law existed."
So that, as to the class of debts mentioned, there is no exemption at
all.

From this, however, it does not follow that the framers of the
constitution intended to create a lien upon the homestead. In fact,
the contrary was held in the Nickerson case, where Judge Mitchell,
in the course of the opinion, said: "The contention of defendants'
counsel, if we correctly understood him, is that this constitutional
amendment makes debts of the specified classes liens on the otherwise
exempt property, and that the only remedy which the legislature
has provided is to enforce the lien under the provisions of the me-
chanic's lien law; but the constitution furnishes no basis for any
such claim. It does not make the specified debts a lien on the prop-
erty, but merely provides that the otherwise exempt property shall be
subject to seizure and sale for such debts. They may be a lien under
some statute, but, so far as the constitution is concerned, debts of the
enumerated classes only become liens on 'a homestead when reduced
to judgment and docketed, and then they become liens on the home-
stead, the same as on any other real estate of the debtor."

The statement in this quotation to the effect that debts of the class
enumerated could become liens on the homestead only when reduced
to judgment and docketed was qualified in the later case of Bagley
v. Pennington, 76 Minn. 226, 78 N. W. 1113, 77 Am. St. 637, to
the extent of holding that a lien might also be created or acquired by
attachment; but the general conclusion that the constitution created
no lien, enforceable as such, was not departed from. The Nicker-
son case is unquestionably sound and disposes of the contention that
by force of the constitution plaintiff's claim constituted a lien upon
defendants' homestead. If plaintiff's position was sound, then any
debt might be enforced against particular property by a resort to the
procedure here adopted. It is manifest that this cannot be done.

It is urged that, unless the theory. of lien be sustained, the laborer
or materialman may, by sale of the homestead by the owner, lose his
right to enforce his claim against it. This contention is not tenable.
The laborer or materialman may acquire a specific lien in one of
three ways: (a) He may, within the time fixed by law, file a lien

statement under the mechanic's lien statute; (b) he may cause the land to be attached in an action to recover upon his claim; or (c) reduce his claim to judgment and docket it in the office of the clerk of the district court. Under the first two methods, if seasonably taken advantage of, the rights of the laborer or materialman will be fully protected, though if he delay, as in the case at bar, and fails to resort to either of those remedies, the debtor may, pending an ordinary action to recover judgment, dispose of the property and thus defeat any attempt to proceed against it. In this action the labor was performed in 1906, and no attempt was made, either under the mechanic's lien statute or by attachment, to acquire a specific lien upon the property, except by the commencement of this action some three years later. Though the court said in the Bagley case that it is not necessary in such cases to proceed under the mechanic's lien statute, there was no intention of holding that remedy not open to the creditor. It is clear that he may thus proceed.

We see no objection, in an action to recover for labor and material for the payment of which the homestead is liable, in particularly setting forth in the complaint all the facts, to the end that it may appear of record that the homestead is subject to the payment of the judgment, if recovered. This would furnish proof of record and justify the sheriff in levying upon the homestead under an execution issued and delivered to him without further inquiry as to its liability; but this does not transform the action to one in equity. It remains an action at law, pure and simple, and either party is entitled, as a matter of right, to a jury trial.

The point made by respondent that the order refusing a jury trial cannot be considered on an appeal from an order denying a new trial, based upon the ground of "errors of law occurring at the trial," for the reason that the order was made, not as a part of the trial of the action, but before the trial commenced, is not sound. The motion for a jury was properly made orally when the cause was called for trial, and the order denying it was, within the purposes of the statute, made during the trial.

Nor is the contention that defendants waived a jury trial by consenting that the cause be set for trial by the court well taken. It

does not affirmatively appear that the cause was so set down with the consent of defendants. A party cannot be held to have waived his constitutional right to a jury trial unless an intention to do so appears affirmatively or by necessary inference from unequivocal acts or conduct. Poppitz v. German Ins. Co., 85 Minn. 118, 88 N. W. 438. This case is unlike St. Paul Distilling Co. v. Pratt, 45 Minn. 215, 47 N. W. 789. In that case it affirmatively appeared that the cause was twice set down for trial by the court without a jury "by the consent of all the parties," and this special consent was entered in the minutes of the court. An intention to waive a jury was there sufficiently shown; but the record before us will not justify the same conclusion.

It therefore follows, from what has been said, that the learned trial court was in error in treating the action as one in equity to foreclose a lien, and in denying defendants the right to a jury trial.

For this error the order of the court below is reversed, and a new trial granted.