### In re HASSLER.

(District Court, D. Minnesota, Third Division. April 4, 1913.)

BANKRUPTCY (§ 398*)—EXEMPTIONS—HOMESTEAD.

Where one, having furnished materials for the repair of a debtor's homestead, did not secure a mechanic's lien, and the debt, which had been reduced to judgment, after the petition in bankruptcy was filed, was duly scheduled in the debtor's bankruptcy proceedings, the bankrupt was entitled to a stay of execution on the judgment until one year after adjudication, notwithstanding Const. Minn. art. 1, § 12, provides that the homestead shall not be exempt from seizure and sale for debts incurred for materials furnished in the repair thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 676, 677; Dec. Dig. § 398.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Christian J. Hassler. Application for order staying execution sale of the bankrupt's homestead on judgments recovered against him for repairs. Granted.

T. J. Newman, of St. Paul, Minn., for bankrupt.

WILLARD, District Judge. This is an application for an order staying execution sales of the homestead of the bankrupt upon judgments docketed on December 9, 1912, and after the adjudication of the bankrupt was made on September 27, 1912. The motion is made by the trustee and the attorney for the bankrupt. The judgment creditors are the W. R. Shaw Lumber Company and the Anderson Hardware Company.

It appears that the judgments were based upon claims for materials sold by the judgment creditors to the bankrupt for the repair of his homestead, and that they were used in making such repairs. It does not appear that any proceedings were taken to secure a mechanic's lien upon the premises under the laws of Minnesota.

Section 12 of article 1 of the Constitution of the state of Minnesota, however, provides that the homestead shall not be exempt from seizure and sale for debts incurred for material furnished in the repair of the same. It has been decided by the Supreme Court of Minnesota (Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292, 73 Am. St. Rep. 354; Bagley v. Pennington, 76 Minn. 226, 78 N. W. 1113, 77 Am. St. Rep. 637) that this provision of the Constitution does not create any lien upon the homestead, and that such lien is only created by an attachment filed, or by the docketing of a judgment against the debtor. These debts were, therefore, at the time of the adjudication, not liens upon any property of the bankrupt.

They were scheduled by the bankrupt, were under the bankrupt law provable debts, and will therefore be discharged if the bankrupt

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

succeeds in obtaining a discharge. Under the circumstances, it seems that proceedings in the state court to enforce this judgment by a sale of the homestead should be stayed. A similar ruling was made by the Supreme Court of Georgia in Graham v. Richerson, 8 Am. Bankr. Rep. 700, 115 Ga. 1002, 42 S. E. 374.

It is therefore ordered that all proceedings upon the executions referred to, and all further proceedings in the actions referred to, be stayed until 12 months after the date of the said adjudication, or, if within that time the bankrupt applies for a discharge, then until the question of such discharge is determined.

NOTE.—Order vacated June 30, 1913, on the authority of Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061.