## H. E. WESTERMAN LUMBER COMPANY v. JOHN J. RASCHKE AND ANOTHER.[1]

May 7, 1926.

No. 25,159.

**Attachment vacated.**

Affidavit for attachment of homestead defective because not in accordance with G. S. 1923, § 9343. [Reporter.]

Homestead, 29 C. J. p. 868 n. 73, 74; p. 966 n. 74.

Action in the district court for Le Sueur county to recover for building materials sold by the plaintiff to the defendant and used in the improvement of the defendant's homestead. The plaintiff caused to be filed an affidavit describing the homestead and stating that the materials were used in the improvement thereof. Upon such affidavit a writ of attachment was issued. An affidavit under the general attachment law, G. S. 1923, § 9343, was not made. The defendants moved to vacate the attachment, the motion was granted by Tifft, J., and the plaintiff appealed. Affirmed.

*Charles C. Kolars,* for appellant.

*F. C. & H. A. Irwin,* for respondents.

PER CURIAM.

Action to recover for building materials alleged to have been sold to defendants and used by them in the construction of a dwelling-house upon their farm which they occupy as a homestead. Subsequent to the commencement of this action, plaintiff filed affidavit in attachment and procured a writ and the homestead was levied upon thereunder. Thereafter defendants moved for an order vacating the writ upon the ground that the affidavit was insufficient under the provisions of G. S. 1923, § 9343. The court granted the motion and set aside the writ. From such order, plaintiff appealed.

[1]Reported in 208 N. W. 960.

In lieu of the grounds for issuing a writ of attachment specified in § 9343, the affidavit merely states that the action was brought to recover certain moneys due and owing plaintiff by defendants for materials used in the improvement of such real estate and to have the same declared a specific lien thereon under the provisions of article 1, § 12, of the state Constitution.

Section 12 of article 1 does not, in itself, create a lien in favor of one furnishing material or labor for the improvement of exempt property. Hasey v. McMullen, 109 Minn. 332, 123 N. W. 1078. While the Constitution is self-executing without legislative action, yet it does not give a specific lien without some action on the part of the lien claimant. The debt becames a lien upon a homestead in the same manner that other debts become liens. Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292, 73 Am. St. 354. A lien may be acquired by attachment against the homestead the same as by a judgment. Bagley v. Pennington, 76 Minn. 226, 78 N. W. 1113, 77 Am. St. 637. But, in obtaining such lien by attachment, claimant must file an affidavit in accordance with the provisions of § 9343 of the statute. This was not done and it follows that the trial court was clearly right in setting aside the writ.

Affirmed.