## H. E. WESTERMAN LUMBER COMPANY v. JOHN J. RASCHKE AND ANOTHER.[1]

July 15, 1927.

No. 26,079.

**Creditor's claim against homestead is lost if not reduced to a lien thereon prior to debtor's discharge in bankruptcy.**

A homestead is not exempt as to a creditor's claim for labor or material used in the construction, repair, or improvement thereof. The right to pursue the homestead is lost if the claim is not reduced to a lien thereon prior to debtor's discharge in bankruptcy.

Bankruptcy, 7 C. J. p. 397 n. 99.
Homestead, 29 C. J. p. 869 n. 90.

Action in the district court for LeSueur county to have a debt evidenced by two promissory notes given by defendant John J. Raschke declared a lien upon his homestead. Subsequent to the giving of the notes defendant was adjudged a bankrupt by the United States district court. From a judgment for the defendants, Tifft, J., plaintiff appealed. Affirmed.

*Charles C. Kolars,* for appellant.

*F. C. & H. A. Irwin,* for respondents.

WILSON, C. J.

The constitution of our state, art. 1, § 12, makes a homestead non-exempt from debts incurred for work or material used in the construction, repair or improvement thereof. This provision is self-executing. Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292,

[1]Reported in 215 N. W. 197.

73 A. S. R. 354. A claim for such debts does not amount to a lien upon the homestead. H. E. Westerman Lbr. Co. v. Raschke, 167 Minn. 243, 208 N. W. 960. The lien arising out of such debt is created by an attachment, by an acknowledgment filed, by docketing a judgment against the debtor, or by filing a mechanic's lien. Nickerson v. Crawford, supra; Bagley v. Pennington, 76 Minn. 226, 78 N. W. 1113, 77 A. S. R. 637; In re Hassler (D. C.) 204 F. 139, 29 Am. B. R. 502; H. E. Westerman Lbr. Co. v. Raschke, supra; Hasey v. McMullen, 109 Minn. 332, 123 N. W. 1078.

Such debt, sounding in contract, is provable in bankruptcy. U. S. bankruptcy act of 1898, §§ 17 and 63.

Our constitution gives such a creditor a right which he may protect from destruction by the bankruptcy act. He is required to make application to the bankruptcy court to withhold the discharge until the lien is created. In re Hassler, supra; Lockwood v. Exch. Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. ed. 1061; In re Durham (D. C.) 104 F. 231; In re W. C. Allen & Co. (D. C.) 134 F. 620; H. S. Meinhard & Bro. v. Pincus (C. C. A.) 200 F. 736; Jewett Bros. v. Huffman, 14 N. D. 110, 103 N. W. 408; In re J. L. Philips & Co. (D. C.) 224 F. 628; Groves v. Osburn, 46 Or. 173, 79 P. 500; Bowen & Thomas v. Keller, 130 Ga. 31, 60 S. E. 174, 124 A. S. R. 164.

In the absence of such lien a discharge in bankruptcy releases the debtor and the creditor cannot obtain judgment thereon in order to have the property sold. Hoskins v. Wall, 77 N. C. 249; Graham v. Richerson, 115 Ga. 1002, 42 S. E. 374, 8 Am. B. R. 700. Where there is a lien the discharge destroys the personal liability of the bankrupt but not the creditor's right to resort to the property subject to the lien. Evans v. Staalle, 88 Minn. 253, 92 N. W. 951; Burcell v. Goldstein, 23 N. D. 257. Indeed the remedy of a creditor, who has not acquired the necessary lien to support his claim, is completely destroyed by the discharge in bankruptcy. Groves v. Osburn, 46 Or. 173, 79 P. 500; Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770; Bowen & Thomas v. Keller, 130 Ga. 31, 60 S. E. 174, 124 A. S. R. 164; Jewett Bros. v. Huffman, 14 N. D. 110, 103 N. W. 408; F. Mayer B. & S. Co. v.

Ferguson, 19 N. D. 496, 126 N. W. 110. The creditor's claim, as here involved, must be reduced to a lien prior to the discharge or it is lost.

Most of the authorities cited relate to cases where the bankrupt waived his right to exemptions, or where the creditor was given access to the exempt property because his claim was for the purchase price. These authorities seem appropriate since our inquiry involves the same principle. The instant case does not call for any action on the part of the trustee along the lines indicated in Bergin v. Blackwood, 141 Minn. 325, 170 N. W. 508.

Affirmed.