# ALFRED AASE v. PATRICK M. LANGSTON AND OTHERS.[1]

July 6, 1928.

No. 26,738.

**Judgment upon unpaid award for compensation is not a lien upon employer's homestead within the constitution.**

1. An award made by the industrial commission to an employe under the workmen's compensation act is not a "debt incurred to any laborer or servant for labor or service performed," within the meaning of the last clause of art. 1, § 12, of the constitution; and a judgment of the district court upon an unpaid award is not a lien upon the employer's homestead.

**Such judgment is not a lien upon employer's homestead within the statute cited.**

2. G. S. 1923, § 4287, providing that compensation awarded "shall have the same preference against the assets of the employer as other unpaid wages for labor," does not make the homestead subject to a judgment upon an award.

Exemptions, 25 C. J. p. 103 n. 60.
Homesteads, 29 C. J. p. 872 n. 28.

Plaintiff appealed from a judgment of the district court for St. Louis county, Grannis, J. in favor of defendants. Affirmed.

*Jenswold, Jenswold & Dahle,* for appellant.
*Leslie S. High,* for respondents.

DIBELL, J.

Action to set aside as fraudulent the conveyance of the homestead of the defendants Patrick M. Langston and wife to the defendant Hildur V. Lehn and her conveyance to Mrs. Langston, and to have the homestead adjudged subject to a judgment entered in the district court of St. Louis county upon an award of compensation made to the plaintiff by the industrial commission against defendant Patrick M. Langston, his employer, under the workmen's compensa-

[1]Reported in 220 N. W. 421.

tion act. Both the plaintiff and the defendants moved for judgment on the pleadings. Plaintiff's motion was denied, and that of the defendants was granted. Judgment was entered for the defendants, from which the plaintiff appeals.

The plaintiff was in the employ of the defendant Patrick M. Langston. Both were subject to the provisions of the compensation act. The plaintiff suffered an accidental injury for which he was awarded compensation by the industrial commission. Langston defaulted in the weekly payments, and on January 22, 1927, judgment was entered in the district court for unpaid payments in the sum of $1,900. On July 29, 1926, which was about the date when the referee made the award, subsequently confirmed by the industrial commission, Langston and wife conveyed their homestead to their codefendant Lehn, who immediately conveyed to Mrs. Langston. It is sufficiently alleged that the purpose of the conveyances was to defraud the plaintiff. The ultimate question is whether a judgment of the district court upon an award under the workmen's compensation act is a lien in favor of the employe against the homestead of the employer.

1. Our constitution, art. 1, § 12, reads:

"No person shall be imprisoned for debt in this state, but this shall not prevent the legislature from providing for imprisonment, or holding to bail, persons charged with fraud in contracting said debt. A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law. Provided, however, that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair, or improvement of the same; and provided further, that such liability to seizure and sale shall also extend to all real property for any debt incurred to any laborer or servant for labor or service performed."

The two provisos came into the constitution by an amendment adopted in 1888. The second is the one important here.

The portion of the constitution declaring that a reasonable amount of property shall be exempt is not self-executing. The provision of the constitution limiting the operation of the exemption is self-executing. Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292, 73 A. S. R. 354; Bagley v. Pennington, 76 Minn. 226, 78 N. W. 1113, 77 A. S. R. 637; H. E. Westerman Lbr. Co. v. Raschke, 172 Minn. 198, 215 N. W. 197. The exemption statute carries out the command of the constitution and fixes the amount of the exemption. G. S. 1923, § 8336, et seq.

Under the first proviso of the constitution a homestead is subject to the claim of a laborer or servant who performs work upon it. Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292, 73 A. S. R. 354; Bagley v. Pennington, 76 Minn. 226, 78 N. W. 1113, 77 A. S. R. 637; H. E. Westerman Lbr. Co. v. Raschke, 172 Minn. 198, 215 N. W. 197. Likewise the homestead is liable to the claim of a servant or laborer of the owner though his labor or service is not done upon it. Lindberg v. Johnson, 93 Minn. 267, 101 N. W. 74.

Our compensation act is contractual in the sense that neither employer nor employe is obliged to accept its provisions nor is bound by them unless he agrees to be so. G. S. 1923, § 4269; State ex rel. Chambers v. District Court, 139 Minn. 205, 166 N. W. 185, 3 A. L. R. 1347; 6 Dunnell, Minn. Dig. (2 ed.) § 10384, et seq. It is the contention of the plaintiff that the compensation awarded by the industrial commission is a "debt incurred to any laborer or servant for labor or service performed," within the meaning of the last proviso of art. 1, § 12, and that therefore a judgment upon the award is a lien upon the homestead. The reasoning of counsel is that the weekly payments awarded are in effect wages or, in a way, reduced wages, throughout the period of payment prescribed by the statute. In Woodcock v. Board of Education, 55 Utah, 458, 187 P. 181, 10 A. L. R. 181, something of this kind was said when it was sought to compel a board of education to pay an award to a teacher who was within the terms of the compensation act, the board claiming that it had no authority under the statute because the award was not by way of payment for services. The court said [55 Utah, 466, 467] that an award of compensation came within the

words of the statute making it the duty of the school board to provide funds for "the support and maintenance of the schools under its charge;" and that the compensation "is merely another term for salaries or wages; that is, in case of injury it merely provides for the payment of a special or reduced salary, if we may use that term, as compensation to the injured employe during the term fixed by the act." Some such thought is expressed in Inter-State Tel. & Tel. Co. v. Public Service Elec. Co. 86 N. J. L. 26, 90 A. 1062. And in Wood v. Camden Iron Works (D. C.) 221 F. 1010, 1011, a case likewise involving the New Jersey act, it was held that a receiver was bound to continue payments theretofore awarded by the board to an employe, quoting the language of the court in the New Jersey case cited, that the compensation awarded "is none the less compensation for labor done because the statute directs that its payment shall be distributed over a certain number of weeks in the future."

We appreciate the force of the argument. The cases cited are consistent enough with a holding that an award is not a debt within the constitution. We take it they were rightly decided and that the same facts would have brought the same result in this jurisdiction.

The homestead act receives a liberal construction in favor of the owner; and the compensation act receives a liberal construction in favor of the workman. We reach the conclusion that under our act the compensation awarded in a case like this should be considered a payment for injuries received rather than wages for a partial service. The general thought runs through the statute that an award of compensation is the payment for the injury. We do not think that a holding that it is a debt within the constitution is a natural one. It may be noted that the statute attaches to an award an exemption from the claims of the employe's creditors. The legislature of course cannot define the words of the constitution; but if an award were in fact a debt there would be no difficulty in invoking the provision of the constitution. It is not important that at the time of the adoption of the proviso there was not in existence a compensation act. If the award is in fact a debt within the sense

of the constitution the constitutional proviso would apply though at the time of its adoption there was no compensation act.

2. The statute, G. S. 1923, § 4287, provides that all compensation "shall have the same preference against the assets of the employer as other unpaid wages for labor."

The plaintiff claims that under a proper construction of this statute one receiving an award has the same right of recourse to the homestead as a laborer or servant who has performed work for the homestead owner upon or off the homestead premises. We do not give this construction to the statute. It was intended to give such preference or priority in the distribution of the assets of the debtor as are given to other laborers. The legislature thought that awards of compensation would not have the preference or priority given laborers for their wages unless by legislative act. Therefore it provided as it did. It gives a preference to an award. The constitution limits the exemption of the homestead when the debt is for labor. Without discussing further the scope of the validity of the act, it is enough to say that it does not apply to the case before us. And we may say, as said before, that the statute cannot define a term of the constitution.

We do not find it necessary to discuss the point made in the briefs that putting an award of compensation on a parity with wages due a workman would be unconstitutional because of an improper classification. See Bofferding v. Mengelkoch, 129 Minn. 184, 152 N. W. 135.

Judgment affirmed.