WESLEY C. KEYS AND ANOTHER v. LILLIAN M. SCHULTZ.[1]

February 20, 1942.

No. 33,092.

---

[1]Reported in 2 N. W. (2d) 549.

110

*George R. T. Hart,* for appellant.

*Cummins & Cummins* and *Theodore Christianson, Jr.,* for respondents.

PETERSON, JUSTICE.

Plaintiff sued defendant in the municipal court of St. Paul to recover $394.45 for work done and material furnished at her special instance and request in deepening a well on the premises constituting "her home at Como Station, Route Number Three, St.

Paul, Minnesota." Defendant by answer denied the allegations of the complaint and alleged that the deepening of the well was to make good plaintiffs' defective performance of a contract to dig the well in the first instance.

Defendant did not appear at the trial, although she was duly notified. Thereupon the court proceeded with the trial. At the trial plaintiffs were permitted to amend their complaint to allege that the work was done and material furnished in deepening a well upon premises constituting defendant's "homestead," describing the same by its legal description. The court made a finding, which was incorporated in the judgment in plaintiffs' favor, that the work was done and that the material was furnished in deepening the well on defendant's "homestead," describing it according to the legal description. On October 19, 1939, a transcript of the judgment was filed with the clerk of the district court of Ramsey county and docketed.

On January 16, 1940, the sheriff levied upon defendant's homestead under an execution issued out of the district court. On April 1, 1940, defendant filed a voluntary petition in bankruptcy. On March 17, 1941, she obtained her discharge.

On August 12, 1941, defendant moved to set aside and discharge the levy upon her property under the execution. At the hearing, one of plaintiffs' attorneys filed an affidavit showing all the facts relating to the furnishing of the material and the performance of the work and that the same was for the construction, repair, and improvement of defendant's homestead. The court denied defendant's motion, and she appeals.

Plaintiffs contend that the judgment as shown by the record thereof and the extrinsic evidence received on the hearing of the motion is one for a debt for work done and material furnished for the construction, repair, and improvement of defendant's homestead; that it is a lien thereon; and that the lien was not affected by defendant's discharge in bankruptcy. Defendant contends that the judgment is an ordinary one for the recovery of money; that it is not a lien on her homestead; and that it was discharged by

her discharge in bankruptcy. As subsidiary propositions in support of her contentions, she urges that plaintiffs were entitled to recover a judgment in the municipal court only for the amount of money demanded; that the municipal court was without jurisdiction to grant the amendment in question and to find and adjudicate that the debt was for work done and material furnished in the construction, repair, and improvement of her homestead; and that extrinsic evidence was not admissible at the hearing of the motion to show such facts.

1. A judgment of the municipal court of St. Paul for the recovery of money becomes a lien upon the judgment debtor's real estate by filing a transcript thereof with the clerk of the district court of Ramsey county. Sp. L. 1889, c. 351, § 44, provides that no judgment of the municipal court of St. Paul shall be a lien upon real estate until a transcript thereof is filed in the district court of Ramsey county; that it is the duty of the clerk of the district court to file and docket any judgment of which a transcript is so filed; and that "every such judgment shall become a lien upon the real estate of the debtor, from the time of filing such transcript, to the same extent as a judgment of said district court, and shall thereafter, so far as relates to the enforcement of the same, be exclusively under the control of said district court, and carried into execution by its process the same as if rendered in said district court." In Clark v. Butts, 73 Minn. 361, 368, 76 N. W. 199, 202, we said: "When a transcript of a judgment is taken from the municipal court of St. Paul to the district court of Ramsey County, it becomes a judgment of the latter court as much as if the action originated there." Of course, such a judgment remains subject to the jurisdiction of the municipal court to vacate and set it aside in a proper case. Buffham v. Perkins, 43 Minn. 158, 44 N. W. 1150. Mason St. 1927, § 9400, provides that from the time a judgment for the payment of money, as here, is docketed by the clerk of the district court it "shall be a lien, to the amount unpaid thereon, upon all real property in the county then or thereafter owned by the judgment debtor." As we have

stated, the clerk of the district court docketed the judgment the same day the transcript was filed. In Thompson v. Dale, 58 Minn. 365, 370, 59 N. W. 1086, 1087, we held: "The docketing of a judgment, and the lien thereby acquired, performs the office, and takes the place of an actual levy on land." The levy under the execution did not change the lien of the judgment, but was only a means to enforce it. State ex rel. Child v. District Court, 85 Minn. 283, 88 N. W. 755.

2. The fact that the real estate was defendant's homestead did not prevent the lien from attaching. Minn. Const. art. 1, § 12, provides that a reasonable amount of property shall be exempt from seizure and sale and that any property so exempted shall be liable to seizure and sale "for any debts incurred to any person for work done or materials furnished in the construction, repair, or improvement of the same," and "for any debt incurred to any laborer or servant for labor or service performed." Mason St. 1927, § 8336, provides for the exemption of a debtor's homestead from all debts except those lawfully charged thereon in writing and those from which it is not exempt under the quoted portions of the constitution. A lien upon a homestead for a debt from which it is not exempt may be obtained by recovering and docketing a money judgment in the same manner and to the extent as if there were no exemption from any debts. By recovering and docketing a money judgment for the debt for work done and material furnished in the construction, repair, and improvement of defendant's homestead, plaintiffs obtained a judgment lien thereon. H. E. Westerman Lbr. Co. v. Raschke, 167 Minn. 243, 208 N. W. 960; Hasey v. McMullen, 109 Minn. 332, 123 N. W. 1078; Bagley v. Pennington, 76 Minn. 226, 78 N. W. 1113, 77 A. S. R. 637. The judgment lien may be enforced by execution against the homestead the same as other real estate. Lindberg v. Johnson, 93 Minn. 267, 101 N. W. 74. In the cited case the debtor's homestead was sold on execution issued by the district court under a money judgment of the municipal court for a debt incurred to a laborer for labor and services performed, a transcript of which

was filed with and docketed by the clerk of the district court; but the only point discussed was whether the property was exempt.

3. That the municipal court judgment and the transcript thereof filed in the district court show that the judgment was for work done and material furnished in the construction, repair, and improvement of defendant's homestead appears on the face of the record as well as by the evidence *aliunde.*

In a judgment by default plaintiff's relief is strictly limited in nature and degree to that specifically demanded in the complaint, and it makes no difference that other and greater relief might be justified by the allegations and proofs. Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L.R.A.(N.S.) 803, 118 A. S. R. 612, 11 Ann. Cas. 348. Assuming, without so deciding, in view of defendant's appearance and participation in the proceedings prior to the trial, that the rule stated applies here, the judgment granted was in strict conformity with the rule. The amendment to show that defendant's "home" was her "homestead" and specifically describing it simply amplified the allegations of the complaint without changing their substance. The amendment did not introduce a new cause. The relief granted was for a money judgment the same as demanded in the original complaint. No different or greater relief was granted.

That the deepening of the well was for the construction, repair, or improvement of the homestead follows as a conclusion of law.

Extrinsic evidence is admissible to show that the homestead is subject to the payment of a particular claim. Gregory Co. v. Cale, 115 Minn. 508, 133 N. W. 75, 37 L.R.A.(N.S.) 156. The affidavit received at the hearing of the motion below adequately showed that defendant's homestead was subject to sale on execution for the debt on which the judgment was recovered.

4. The lien of a judgment is not affected by a discharge in bankruptcy. The personal liability of the judgment debtor is discharged, but the lien remains; and, where, as here, the judgment is a lien upon the debtor's homestead, it may be enforced by execution against the homestead the same as other property. Nadeau

v. Ball, 179 Minn. 6, 228 N. W. 168; H. E. Westerman Lbr. Co. v. Raschke, 172 Minn. 198, 215 N. W. 197.

The order should be affirmed.

Affirmed.

[1]Reported in 2 N. W. (2d) 547.