DAVID A. LYDIARD *vs.* SAMUEL H. CHUTE and others.

January 20, 1891.

On reargument, February 9, 1891.

**Deed—Defective Acknowledgment.**—*Tidd* v. *Rines*, 26 Minn. 201, and other cases, followed as to the sufficiency of a deed, defectively acknowledged, to pass the title to real property, as between the parties.

**Summons—Service by Publication, when Authorized.**—Except in cases affecting the personal *status* of the plaintiff, and in cases in which that mode of service may be considered as having been assented to in advance, the substituted service of process by publication, authorized by the statute of this state in the year 1863, in actions brought against non-residents, was effectual only where, in connection with the process against the person for commencing the action, property in the state had been brought under the control of the court and subjected to its disposition, by process adapted to that purpose, or when the judgment was sought as a means of reaching such property, or of affecting an interest therein; in other words, when the action was in the nature of a proceeding *in rem.*

ON REARGUMENT.

**Unacknowledged Deed—Proof of Execution Required.**—In an action involving the title to real property, a deed not made by the defendant, and not executed and acknowledged in the manner prescribed by the statutes of this state, is inadmissible in evidence without proof of its execution *aliunde.*

Action brought in the district court for Hennepin county, to determine the adverse claim of the defendants to vacant land in that county. Trial before *Smith*, J., whose findings are in substance as follows: On June 27, 1863, and for some time prior thereto, one

James Dumbrach was the owner in fee of the land in controversy and continued to be such owner until April 19, 1888, on which day he and his wife conveyed to plaintiff by quitclaim deed. On April 16, 1863, Samuel H. Chute, one of the defendants herein, attempted to bring an action against Dumbrach, in the district court for Hennepin county, upon a promissory note. At that time Dumbrach was not a resident of this state, nor was he found or served with process therein, nor did he appear in the action. The summons was served by publication, but no writ of attachment issued in the action, nor was the land in controversy seized or levied on by virtue of any writ of attachment in that or any action. On June 27, 1863, judgment on failure to answer was entered against Dumbrach, on which execution issued, and on June 27, 1863, the land was levied on, and on August 18, 1863, was sold by the sheriff under the execution to Samuel H. Chute. As conclusions of law the court held that in the action of Chute vs. Dumbrach the court never acquired jurisdiction to enter a valid judgment, and that the judgment entered and the execution and the sale were void. Judgment was accordingly ordered and entered for the plaintiff, and the defendants appealed.

The finding of a conveyance from Dumbrach and wife to plaintiff was based wholly on an instrument in the ordinary form of a quitclaim deed, purporting to be signed by Dumbrach and his wife, to be attested by two witnesses, and to have been acknowledged in Halifax county, Nova Scotia, before Ezekiel Sibley, a justice of the peace in and for such county, on April 24, 1888, by whom the certificate of acknowledgment was signed. Appended to this certificate was a certificate by "H. Crosskill, Deputy Provincial Secretary," under his hand and seal, "that Ezekiel Sibley, whose name is attached to the annexed document, is a duly qualified justice of the peace for said county of Halifax, and as such is empowered to administer oaths, and, under section 22 of chapter 94, Revised Statutes of Nova Scotia, to take acknowledgments to deeds of married women." When this deed was offered in evidence, it was objected to by defendants for want of proof of its execution, and because not executed and acknowledged as required by law. The objection was overruled, and the deed received in evidence, and the defendants excepted.

*Howell W. Young,* for appellants.

*S. L. Pattee* and *W. H. Adams,* for respondent.

COLLINS, J. 1. As between the parties thereto, Dumbrach, the grantor, and plaintiff, the grantee, the deed offered in evidence by the latter was sufficient to pass title to the real property therein described, without regard to a defect, real or pretended, in the matter of its acknowledgment. *Tidd* v. *Rines,* 26 Minn. 201, (2 N. W. Rep. 497;) *Dobbin* v. *Cordiner,* 41 Minn. 165, (42 N. W. Rep. 870,) and cases cited. Therefore no error was committed when it was received in evidence, nor was the ruling erroneous whereby the trial court denied defendants' motion to dismiss when plaintiff rested his case.

2. The action in which Dumbrach was defendant was brought, and judgment therein entered and docketed against him, in the year 1863. He was a non-resident, upon whom personal service of the summons could not be made. It was served by publication only, and he made no appearance in response thereto. The section of our statutes relating to jurisdiction of our courts over natural persons, then in force, (Pub. St. 1858, *c.* 72, § 36,) did not contain the words "upon which the plaintiff has acquired a lien by attachment or garnishment," now found in Gen. St. 1878, *c.* 66, § 70. Otherwise the wording of the section was the same, these words making their first appearance in the Revision of 1866, *c.* 66, § 55. No writ of attachment was issued in the action against Dumbrach, and hence the premises in dispute were not seized or levied upon, in any manner, prior to the entry of judgment. They were first proceeded against by virtue of the execution. In the year 1877, it was held by the highest tribunal of the land that, except in cases affecting the personal *status* of the plaintiff, and in cases in which that mode of service may be considered as having been assented to in advance, (of which illustrations were given in the opinion,) the substituted service of process by publication, authorized by the laws of several of the states, in actions brought against non-residents, was effectual only when, in connection with the process against the person for commencing the action, property in the state had been brought under the control of the court and subjected to its disposition, by process adapted to that purpose, or when the judgment was sought as a means of reaching such prop-

erty, or of affecting an interest therein; in other words, when the action was in the nature of a proceeding *in rem.* *Pennoyer* v. *Neff*, 95 U. S. 714, a case which has frequently been cited in this court. The appeal there considered and disposed of, a dissenting opinion being filed by Mr. Justice Hunt, was from the state of Oregon, in which the statute relating to the jurisdiction of its courts over natural persons was couched in language almost identical with that used in Pub. St. 1858, *c.* 72, § 36, *supra,* and in which the method of proceeding, by publication of the summons, against non-residents was, substantially, that prescribed in this state in 1863, and followed in the action against Dumbrach. The law upon this subject as finally determined by the supreme court in the *Pennoyer Case* must be accepted as governing this action, notwithstanding the decisions of this court in the years 1864 and 1865 squarely the other way. *Stone* v. *Myers*, 9 Minn. 287, (303,) and *Cleland* v. *Tavernier*, 11 Minn. 126, (194.) The views therein expressed were not without authority, however, as will be seen by a perusal of the dissenting opinion above referred to.

. . Judgment affirmed.

---

After the foregoing opinion was filed, on defendants' application a reargument was ordered of the question of the admissibility of the Dumbrach deed, without proof of its execution. After such reargument the following opinion was filed:

COLLINS, J. Upon a former examination of the record in this case, the court overlooked an objection made by the defendants to the introduction of the quitclaim deed in evidence, upon the ground that there was no proof of its execution by the alleged grantors. The deed was signed in a foreign country and acknowledged before a justice of the peace. There was no attempt made in its execution or acknowledgment to comply with any of the provisions of Gen. St. 1878, *c.* 40, § 10. Although good as between the parties without these formalities, it should not have been received in evidence without proof of its execution *aliunde,* in the absence of a proper acknowledgment. Id. *c.* 73, § 96. It is possible that the trial court acted under a misapprehension in respect to the construction of Gen. St. 1878, *c.* 73,

§ 89. See *Mast* v. *Matthews,* 30 Minn. 441, (16 N. W. Rep. 155.) The conclusion heretofore reached is set aside, and the judgment reversed.