# ALBERT K. SMITH v. PEARL H. SMITH and Another.[1]

November 21, 1913.

Nos. 18,249—(120).

**Jurisdiction over property of nonresidents.**

1. The power of a state over property within its limits is supreme. Under proper legislative authority almost any kind of an action may be instituted and maintained against nonresidents to the extent of any interest in property they may have within the state, and the court may make any form of decree known to the law which can be enforced through the control of property within the state, if the property is brought within its grasp, either by seizure or by specifically making it the subject of the action, and jurisdiction in this kind of cases may be obtained by publication.

**Same — title to land by judgment.**

2. This power to render judgment affecting title to property in such cases must be conferred by statute. The statutes of this state confer power to pass title to land by a judgment in all cases in which such relief is appropriate to carry the judgment of the court into effect and in which the court has jurisdiction over the land, even though it has not jurisdiction over the person.

**Partnership — interest of nonresident.**

3. The courts of this state may, by constructive service, acquire jurisdiction in an action against a nonresident partner to determine the plaintiff's interest in real estate of the partnership, even though a partnership accounting may be necessary to determine that interest.

Action in the district court for St. Louis county to dissolve a partnership between plaintiff and defendant Smith and for an accounting

[1] Reported in 144 N. W. 138.

---

Note.—Upon the validity of personal judgments rendered upon constructive process against nonresidents, see note in 16 L.R.A. 231. And as to whether jurisdiction of suit to quiet title or remove cloud on title of land within the territorial jurisdiction may rest upon constructive service of process against a nonresident, see note in 29 L.R.A.(N.S.) 625. And on the question what service sufficient as basis of judgment in proceedings *in rem* against nonresident, see note in 50 L.R.A. 582.

and, pending the accounting, for the appointment of a receiver of the assets belonging to them and to recover from each of the defendants the amount which should be found due plaintiff as a result of the accounting. Defendants appeared specially and moved the court to set aside the service of summons upon them and to dismiss the action, upon the ground that the court had no jurisdiction thereof. The motion was heard by Dancer, J., and denied, with leave to defendants to appear and answer within 15 days after service of notice of the order. From the order denying the motion defendants, appearing specially, appealed. Affirmed.

*Crassweller, Crassweller & Blu* and *Grace, Hudnall & Fridley,* for appellants.

*Baldwin & Baldwin,* for respondent.

HALLAM, J.

Plaintiff brings this action against defendant Grace, a resident of Wisconsin, and defendant Smith, a resident of California. Summons was personally served without the state. Defendants moved to set the service aside, on the ground that the court could acquire no jurisdiction by this mode of service.

The allegations of the complaint are, in substance, as follows:

Plaintiff and defendant Smith made an agreement that they would each use their efforts, time, and money to acquire an interest in certain mineral lands, and to that end they employed defendant Grace as their attorney. Pursuant to said agreement, by the expenditure of much time, effort and money, they did acquire, with others, the fee title to one tract of land and a lease of another tract; the defendant Grace took the title in trust for the use and benefit of plaintiff and defendant Smith in equal shares; the leased tract was then sublet, and the other tract was leased, for mining purposes, for a stipulated royalty; the defendants now deny plaintiff's interest in said land and leases, and defendant Grace has given to defendant Smith a trust agreement agreeing to assign to him the interest and to pay to him the royalties belonging to both; Grace has received and paid over royalties amounting to more than $200,000. The complaint asks that the partnership be terminated and dissolved; that an accounting

be had, and the amount plaintiff is entitled to receive determined; that plaintiff recover the amount found due as a result of said accounting; that plaintiff have a conveyance and assignment of such interest in said land and leases as he shall be found entitled to.

1. The service of the summons on the defendants personally outside of this state was of the same effect as service by publication. It was "constructive service." It is not necesary to determine whether the court may, upon constructive service, acquire jurisdiction to grant all of the relief demanded in the complaint. It is only necessary to determine whether upon such service the court can grant any relief at all. We answer this question in the affirmative. The principles that govern such cases are now quite well settled. No valid personal judgment can be rendered against a nonresident of the state upon such service. But each state possesses exclusive control over property within its territory, and constructive service is sufficient to give its courts jurisdiction in cases where the object of the action is to reach and dispose of property in the state, or of some interest therein. Pennoyer v. Neff, 95 U. S. 714, 727, 24 L. ed. 565. This power of the state over property within its boundaries is supreme. Under proper legislative authority almost any kind of an action may be instituted and maintained against nonresidents to the extent of any interest in property they may have within the state, and the court may make any form of decree known to the law, which can be enforced through the court's control of property within its territorial jurisdiction, if the property is brought within grasp of the court, either by seizure or by specifically making the property the subject of the action by suitable allegations in the complaint, and the jurisdiction to hear and determine in this kind of cases may be obtained wholly and entirely by publication. Arndt v. Griggs, 134 U. S. 316, 323, 10 Sup. Ct. 557, 33 L. ed. 918; Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565; Corson v. Shoemaker, 55 Minn. 386, 398, 57 N. W. 134.

2. This power to render judgment affecting title to property in such cases must be conferred by statute. If the enforcement of the decree is dependent solely upon the inherent powers of a court of chancery, the decree is, of necessity, a decree *in personam*, because,

generally, equity jurisdiction is exercised *in personam* and depends upon the control of the court over the person of the parties. If, however, there is statutory power given to the court to effectuate the decree by passing title to the property, then the proceeding becomes in the nature of a proceeding *in rem,* and in such case service by publication upon nonresidents will confer jurisdiction to deal with the property. Bennett v. Fenton, (C. C.) 41 Fed. 283; Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct. 557, 33 L. ed. 918. The statutes of this state give the courts this power. · The statute is as follows:

"The district court has power to pass the title to real estate by a judgment, without any other act to be done on the part of the defendant, when such appears to be the proper mode to carry its judgment into effect; and such judgment, being recorded in the proper registry of deeds, while in force, shall be as effectual to transfer such title as the deed of the defendant." R. L. 1905, § 4391. G. S. 1913, § 8027.

This statute is broad and embraces all cases in·which such relief is appropriate to carry the judgment of the court into effect and in which the court has jurisdiction over the land, though it has not, or for any cause cannot, enforce jurisdiction over the person to compel a conveyance. St. Paul & Chicago Ry. Co. v. Brown, 24 Minn. 517, 575; Minnesota Debenture Co. v. Johnson, 94 Minn. 150, 102 N.·W. 381, 110 Am. St. 354; Sache v. Wallace, 101 Minn. 169, 179, 112 N. W. 386, 11 L.R.A.(N.S.) 803, 118 Am. St. 612, 11 Ann. Cas. 348. It covers this case.

3. This then is the situation. The action is primarily to recover an interest in land within the state. The complaint, by appropriate allegations, makes this land the subject of the action. The court may, by virtue of the statute, dispose of the title to the property by its decree. We accordingly hold that the court has acquired jurisdiction to determine the plaintiff's interest in the property and to vest in him such interest. If it be necessary to take a partnership accounting in order to determine that interest, the court may take such accounting, just as it might take an accounting in an action to foreclose a mortgage in order to determine the amount due. The decree rendered pursuant to such accounting would of course be ineffectual to establish any personal demand against the defendants, but it would

be effectual, so far as necessary to determine the question of interest of these parties in this land. Courts of this state are not powerless to adjudicate upon the title to land within its borders simply because plaintiff's interest grows out of a partnership or joint venture.

This position is sustained by the authority of very few decisions that have passed upon these questions. Williams v. Williams, 221 Ill. 541, 77 N. E. 928; Chesley v. Morton, 9 App. Div. 461, 41 N. Y. Supp. 463; Lessee of Boswell v. Sharp, 15 Oh. 447; Porter Land & Water Co. v. Baskin (C. C.), 43 Fed. 323. See also Boswell's Lessee v. Otis, 9 How. 336, 13 L. ed. 164.

Order affirmed.