**In re BUILDERS AND REMODELERS, INC., a Minnesota corporation, Plaintiff,**

**v.**

**Lewellan D. HANSON, and Beverly A. Hanson, Defendants,**

**arising in or related to bankruptcy case of: Lewellan D. Hanson, and Beverly A. Hanson, Debtors.**

**Adv. No. 4–82–146(O).**
**Bankruptcy No. 4–82–433(O).**

United States Bankruptcy Court, D. Minnesota.

May 25, 1982.

Bradley Thorsen, Minneapolis, Minn., for plaintiff.

David Higgs, St. Paul, Minn., for defendants.

## MEMORANDUM ORDER

KENNETH G. OWENS, Bankruptcy Judge.

This adversary proceeding is before the court as a result of a preliminary hearing held on April 15, 1982.

It was conceded at the preliminary hearing that no factual dispute existed and that the adversary proceeding was determinable on an issue of law. Accordingly the matter was then submitted subject to the filing of memoranda and such having now been received the matter is ready for disposition.

In the related bankruptcy case, the defendants filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 9, 1982 and claimed in their schedules an exemption for their homestead property located in Meeker County, Minnesota. In the preceding year on November 8, 1980, defendants had contracted with the present plaintiff for certain improvements to the homestead premises, some or all of which improvements were effected. Prior to the commencement of the bankruptcy case, the plaintiff, which apparently failed to comply with the requisites for the establishment of a statutory mechanic's lien under local law, commenced a civil action in the Minnesota District Court for Meeker County, Minnesota for the purpose of recovering judgment against the debtors and in the action seek to have that judgment declared a specific lien on the homestead premises pursuant to Article I, Section 12 of the constitution of the State of Minnesota and as permitted by Minnesota Statutes, Section 510.01. The civil action being forestalled by the automatic stay arising under 11 U.S.C. Section 362, plaintiff commenced the instant adversary proceeding seeking modification of the stay to permit the continuance of the state court civil action, and as a necessary requirement to a successful conclusion of such action that this court stay the entry of discharge of the debtors in the bankruptcy case.

The defendants have answered affirmatively that continued prosecution of the state court action, if permitted, would impair an exemption which they are entitled to protect under 11 U.S.C. Section 522(f).

Which provides:

"Notwithstanding any waiver of exemption, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption in which the debtor would have been entitled under subsection (b) of this section, if such lien is (1) a judicial lien; or (2) a non-possessory, non-purchased money security interest..."

Since the claimed interest is not a security interest as defined in the Code, the sole question is whether it is or would become a "judicial lien" as defined in 11 U.S.C. Section 101(27) which provides:

"(27) 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding;"

The Minnesota constitution in Article 1, Section 12 provides for reasonable exemptions to be established by law subject to the proviso:

" * * * that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same, * * *"

The rights provided to the laborer or materialmen improving the homestead are sometimes referred to as a "constitutional lien" but more properly are understood to be merely an exception to the exemption.

The legislature has enacted a detailed statutory scheme for the creation and enforcement of mechanic's lien and as indicated in 9A Dunnell Minn.Dig. Homestead, Section 4210 (3d ed. rev. 1977) "A fortiori, homesteads are subject to mechanic's liens to the same extent as other real estate." Dunnell further states however that a creditor with respect to homestead improve-

ments is not restricted to any particular form of remedy for the collection of his debt out of the homestead or other exempt property and is not restricted to compliance with the mechanic's lien statute. However most importantly as indicated in Dunnell, supra, p. 18:

"While the constitutional provision is self-executing without legislative action, it does not give a specific lien without some action on the part of the lien claimant. The debt becomes a lien on a homestead in the same manner that other debts become liens. A lien may be acquired by proceeding under the mechanic's lien statute, by attachment in an action at law to recover the debt, or by docketing a judgment."

The statement is based on *Bruce v. Najarian*, 249 Minn. 99, 81 N.W.2d 282 (1957). On page 105, 81 N.W.2d 282 of the opinion, the court repeated from a previous opinion that:

" * * * the debt involved may be a lien under some statute, but, so far as the constitution is concerned, debts of the enumerated classes only become liens on a homestead when reduced to judgment and docketed; and then they become liens on a homestead in the same manner as on any other real estate of the debtor."

and at page 110, 81 N.W.2d 282 of the opinion:

" * * * the lien does not come into being until a judgment in personam has been obtained against the debtor and docketed with the clerk."

■ Thus no lien exists as applied to a specific parcel of homestead real estate until it is established either through compliance with the mechanic's lien statutes or by obtaining a judgment and its docketing or by attachment in an action. Since the plaintiff failed to proceed under the mechanic's lien statutes the claim may only be established as a lien by the judicial process of judgment docketing or attachment or some other legal or equitable process or proceeding. Thus the creation of the lien, and not merely its perfection, is impossible without such judicial action, and accordingly if the plaintiff were permitted to proceed to finality in the state court it would obtain a "judicial lien" as that term is defined in the Bankruptcy Code.

Prior to the advent of the Bankruptcy Code, persons claiming a right to proceed against homestead property were routinely afforded relief from the stay on the basis of a supposed equity, and this court routinely on the authority of *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1902) stayed or deferred the entry of discharge in the bankruptcy case to permit the perfection of the interest. Such was necessary because as clearly recognized in *Bruce v. Najarian*, (supra), an intervening discharge in bankruptcy destroyed the possibility of acquiring a lien on homestead as permitted by the Minnesota constitution.

■ That practice and the underlying authorities have no present application. By the Bankruptcy Reform Act of 1978 and on the advent of the Bankruptcy Code, such a lien right or prospect would result in a "judicial lien" and avoidable by the debtor under the expressed terms of Section 522(f). Accordingly no purpose is served in granting relief from the automatic stay. Furthermore, implicit in the Bankruptcy Code is the congressional purpose to afford to debtors a fresh start and to "promptly" and expeditiously grant a discharge to the entitled debtor. See Bankruptcy Rule 404(d) and the preliminary draft of proposed new Bankruptcy Rules, Rule 4004(c). Thus, this court should not in a situation such as this impede the orderly entry in normal course of the defendants' discharge. While spoken in a different context, the observation of Judge Nordbye on appeal in the unreported case of Rosemary Philipsek, District of Minnesota, Bankruptcy 4–63–314, in sustaining this court's refusal to delay entry of a discharge, are particularly apt today:

"There are no provisions in the Bankruptcy Act which suggest that the Referee should delay the granting of a discharge to the bankrupt in order to avail a creditor of certain rights which the Bankruptcy Act does not contemplate and which inure to a special class of creditors under

a state statute and which may deprive the bankrupt of certain benefits that a discharge in bankruptcy contemplates. The Minnesota statutes assume to provide the creditor with means to enforce the payment of a judgment which the bankruptcy law states the discharged bankrupt is under no legal obligation to pay."

Since modification of the stay and permission to proceed in the state court would be a futility, and no reason exists under the present Code to intervene and delay granting of a discharge to the debtors:

IT IS ORDERED that the above captioned adversary proceeding should be and the same hereby is dismissed.