**In re Lewis H. CROCE and Avie S.M. Croce, f/k/a Avie S.M. Meshbesher, Debtors.**

**Bankruptcy No. 3–95–4399.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Dec. 28, 1995.

Jack L. Prescott, Richard J. Pearson, New Brighton, MN, for debtors.

James H. Turk, Mankato, MN, for movant.

Mark C. Halverson, Trustee, Mankato, MN.

DENNIS D. O'BRIEN, Chief Judge.

This matter came on for hearing October 25, 1995, on motion to lift the automatic stay pursuant to 11 U.S.C. § 362, by FCS of Mankato, Inc. (FCS). Appearances were noted on the record. The Court, having received and considered the moving papers, arguments of counsel, and otherwise being fully advised on the matter, now enters this

ORDER in accordance with the Federal and Local Rules of Bankruptcy Procedure.

## I.

## OVERVIEW

After the Debtors' bankruptcy petition was filed, FCS was awarded a judgment by a state court against them in the amount of $18,565.74, for materials and services rendered by FCS in the construction of Debtors' town house. The judgment recites that it is a lien against the Debtors' homestead, pursuant to Minnesota Constitution, Article I, § 12. FCS now seeks relief from stay to foreclose the judgment lien.

The Debtors contend that the entry of judgment by the state court violated the 11 U.S.C. § 362 automatic stay; and, that the judgment should be voided by this Court. Alternatively, they argue that: the state court judgment constitutes a "judicial lien" as defined in 11 U.S.C. § 101(36); that it is avoidable by them pursuant to 11 U.S.C. § 522(f); and, they seek an order allowing avoidance of the lien.

The state court's entry of judgment was in violation of the 11 U.S.C. § 362 automatic stay, and should be voided. If it were not voided, as a violation of the stay, it would be avoidable by the Debtors as a "judicial lien" pursuant to 11 U.S.C. § 522(f).

## II.

## FACTS

FCS is in the business of selling kitchen cabinets, vanities, carpet, wood and vinyl flooring. The Debtors entered a contract with FCS on March 24, 1994, to purchase flooring materials, and for installation of the materials in the Debtors' town home. In exchange for the materials and services, FCS was to receive $10,526.07. The Debtors failed to pay in accordance with the contract, and following adequate notice, FCS commenced its collection proceedings.

The matter came on for trial before the Honorable John R. Moonan, of the Blue Earth County District Court, August 16, 1995. At the conclusion of the trial, Judge Moonan ordered that the parties submit pro-

posed findings and conclusions prior to August 26, 1995. The state court issued its Order For Judgment on September 20, 1995, in favor of FCS and against the Debtors. The Judgment was entered on September 22, 1995, for $18,565.74, and states that it is a lien on the Debtors' homestead, pursuant to the Minnesota Constitution, Article I, § 12.

The Debtors filed their petition for relief under 11 U.S.C. Chapter 7 on September 12, 1995, before the state court Order For Judgment and Judgment were entered. They exempted the townhouse as their homestead, pursuant to M.S.A. § 510.0, in connection with the bankruptcy filing.

## III.

## ANALYSIS

### 1. Automatic Stay Violation

■ FCS contends that entry of the state court Order and Judgment were merely ministerial acts; and, that 11 U.S.C. § 362 does not stay ministerial acts of the judiciary. FCS argues that: at the conclusion of the state court trial, both Debtors and FCS had been ordered by Judge Moonan to submit proposed findings and conclusions; upon receipt, the court's decision was to follow; everything had been submitted by the parties when the Debtors filed their bankruptcy petition; and, no other affirmative act by FCS took place. Additionally, FCS claims that its lien rights arose under the Minnesota Constitution prior to the commencement of the trial; and, that the entry of the Order and Judgment did not confer any right on FCS that it did not already have.

11 U.S.C. § 362(a)(1) and (a)(5) provide:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the

debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

The stay imposed by the statute is applicable to all entities, including state courts. The entry of a final order and judgment pursuant to a state court proceeding, is the continuation of a judicial proceeding within the meaning of 11 U.S.C. § 362(a)(1). The particular Order and Judgment, entered in this instance, also acted to create a lien against property of the Debtors that would secure a prepetition claim within the meaning of 11 U.S.C. § 362(a)(5).[1]

■ Violations of the 11 U.S.C. § 362 stay are voidable. *In re Victoria Grain Co. of Mpls,* 45 B.R. 2 (Bankr.D.Minn.1984). The state court Order and Judgment involved here should be voided because they would otherwise result in the postpetition creation of a judgment lien that would secure a prepetition unsecured claim; and, in any event, the lien would be avoidable by the Debtors under 11 U.S.C. § 522(f).

**2. The Nature Of A "Constitutional Lien" And Lien Avoidance Pursuant To 11 U.S.C. § 522(f)**

■ 11 U.S.C. § 522(f)(1) provides, in pertinent part:

(f)(1) Notwithstanding any waiver of exemptions, but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, . . .

Judge Moonan's findings and conclusions state, in pertinent part:

4. That pursuant to the Minnesota Constitution, Article I, Section XII, FCS is entitled to a lien against the premises legally described as Lot 13, Block 1, Cree Point Town homes No. 2, which is located in the City of Mankato, County of Blue Earth, State of Minnesota.

5. That after judgment is docketed in accordance with these Conclusions of Law that judgment shall constitute a lien upon any interest held by Lewis H. Croce and Avie M. Croce, a/k/a A.M. Croce in the premises described as Lot 13, Block 1, Cree Point Town homes No. 2, which is located in the City of Mankato, County of Blue Earth, State of Minnesota and said property shall be subject to levy and execution notwithstanding that it is the homestead of Lewis H. Croce and Avie M. Croce, a/k/a A.M. Croce.

6. The lien granted to FCS pursuant to the preceding paragraph is junior and subordinate to the lien against said property of Defendant Wells Federal Bank's mortgage in the original sum of $80,000.

*FCS vs. Croce,* Court File: C2–94–1457, *D.Minn,* filed September 20, 1995.

Article I, Section 12, of the Minnesota Constitution provides, in part:

[A] reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law. Provided, however, that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same, and provided further, that such liability to seizure and sale shall extend to all real property for any debt to any laborer or servant for labor or service performed.

■ Article I, Section 12, known as the "constitutional lien" provision, creates an exception to the homestead exemption. *Builders and Remodelers, Inc. v. Hanson,* 20 B.R. 440, 441 (Bankr.Minn.1982); *In re Farnsworth,* Case No. 3–86–1910 at 7, 1986 WL 311163 (Bankr.Minn. Oct. 10, 1986). FCS argues that the lien provided for in Section 12, is not a "judicial lien" within the meaning

---

1. See discussion, *infra.*

of 11 U.S.C. § 522(f). However, both *Builders* and *Farnsworth* held that liens, established pursuant to the constitutional provision, are § 522(f) "judicial liens."

The Court, Hon. Gregory F. Kishel, stated in *Farnsworth:*

The Minnesota Supreme Court has noted repeatedly that the term "constitutional lien" is a misnomer. That Court has held that the provision is self-executing, in the sense that it does not require any *legislative* action to clarify, delineate, or effectuate it. *Nickerson v. Crawford,* 74 Minn. 366, 369, 77 N.W. 292 (1898). However, the language does *not* mean that a lien arises and attaches contemporaneously with the provision of labor or materials. The language

does not make the specified debts a lien on the property, but merely provides that the otherwise exempt property shall be subject to seizure and sale for such debts. They may be a lien under some statute, but, so far as the constitution is concerned, debts of the enumerated classes only become liens on a homestead when reduced to judgment and docketed; then they become liens on the homestead the same as on any other real estate of the debtor.

Id.

The creditor seeking to enforce rights under MINN. CONST. Art. 1, § 12, must bring an action for an *in personam* judgment against the debtor. Once judgment is rendered and docketed, it then becomes a lien on the real estate pursuant to MINN.STAT. 5548.09. *Keys v. Schultz,* 212 Minn. 109, 2 N.W.2d 549 (1942); *Curran v. Nash,* 224 Minn. 571, 575, 29 N.W.2d 436 (1947). [FNT 1 omitted] It is clear that the creditor must take positive action to both create and perfect the lien; under MINN. CONST. Art. 1, § 12, no lien arises by operation of law. *Wallace T. Bruce, Inc. v. Najarian,* 249 Minn. 99, 13 [103], 81 N.W.2d 282 (1957); *H.E. Westerman Lumber Co. v. Raschke,* 167 Minn. 243, 244, 208 N.W. 960 (1926). [FNT 2 omitted] *Cf.* MINN.STAT. § 514.05 (statutory mechanic's lien attaches upon furnishing of first item of labor or material, but

ceases 120 days after furnishing of last item per MINN.STAT. § 514.08.). Rather than creating a "constitutional lien," MINN. CONST. Art. 1, § 12 merely establishes an exception to the homestead exemption, *Builders and Remodelers, Inc. v. Hanson,* 20 Bankr. 440, 441 (Bankr. D.Minn.1982); which enlarges the class of real estate which the lien of a judgment for personal services may encumber, *Curran v. Nash* at 575 [29 N.W.2d 436].

Where a creditor asserting the exception to exemption under MINN. CONST. Art. 1, § 12, fails to protect its rights against a debtor's exempt homestead before the debtor has discharged the underlying debt in bankruptcy, the creditor's right to enforce the debt against the homestead is destroyed. *H.E. Westerman Lumber Co. v. Raschke,* 172 Minn. [198] at 199 [215 N.W. 197 (1927)]; *Wallace T. Bruce, Inc. v. Najarian,* at 290 [81 N.W.2d 282].

In the instant case, Movant had not reduced its claim against Debtors to judgment—or even commenced action to obtain a judgment—before Debtors filed their bankruptcy petition. Neither had it obtained a consensual lien or mortgage against Debtors' real or personal property, or taken any action to perfect a mechanic's or materialmen's lien under the statute … Under longstanding and unanimous Minnesota authority, it is clear that Movant did not hold a lien against Debtors' homestead when Debtors filed their bankruptcy petition, and does not now hold such a lien. Movant could create such a lien only by obtaining judgment in its favor in a state court action which it has not commenced yet … Thus, so far as its motion and this bankruptcy case is concerned, it must be deemed to have held the rights of an unsecured creditor vis-a-vis Debtors' homestead when they filed their bankruptcy petition. [FNT 4 omitted]

As a result, the Court cannot grant relief from stay to allow Movant to establish and enforce any rights against Debtors' homestead … As this Court has previously noted, the automatic stay under § 362 prohibits lien creation as well as lien en-

forcement. *Landmark v. Schaefbauer*, 41 Bankr. 766, 768 (Bankr.D.Minn.1985) ...

*In re Farnsworth*, pp 6–10

The Court went on to observe:

> Here, there is no question that entry of judgment would effect a more basic—and impermissible-transmutation of the rights of an unsecured creditor into those of a secured creditor. This is precisely the situation which Congress addressed in enacting § 522(f). *See In re Hahn*, 60 Bankr. 69, 76 (Bankr.D.Minn.1986). A Minnesota "constitutional lien" is plainly a "judicial lien" within the meaning of 11 U.S.C. § 101(30), subject to avoidance under § 522(f). Allowing Movant relief from stay to create one would be a futile and pointless act.

*In re Farnsworth*, ftn. 6, p 10.

The analysis and holdings are consistent with *Builders and Remodelers, Inc. v. Hanson*, 20 B.R. 440 (Bankr.Minn.1982), in which the Court (Hon. Kenneth G. Owens) also held that liens, established pursuant to the Article I, Section 12, of the Minnesota Constitution, are "judicial liens" subject to avoidance under 11 U.S.C. § 522(f)(1). See: *Builders and Remodelers, Inc. v. Hanson*, at 441.

■ 11 U.S.C. § 101(36) defines the term "judicial lien" as:

> (36) "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding;

Under the well established and well reasoned law of the District, liens established pursuant to Article I, Section 12, of the Minnesota Constitution, are "judicial liens" within the meaning of 11 U.S.C. § 522(f)(1); and, they are avoidable by debtors to the extent that the liens impair exemptions to which debtors would have been entitled.

FCS argues that, by their very nature, liens provided for by Article I, Section 12, of the Minnesota Constitution, cannot impair exemptions to which debtors would have been entitled. FCS claims that, because the liens reflect an exception to the homestead exemption, no underlying exemption exists that can be impaired. The argument has been rejected by the Supreme Court in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

The *Owen* case involved a Florida constitutional provision that limited homestead exemptions by excepting, from the exemptions, judicial liens that pre-existed qualification of property as homestead. Such a lien encumbered the debtor's property. The property did not qualify as the debtor's homestead at the time that the lien attached; but, it did qualify as his homestead when the debtor filed his bankruptcy petition. The debtor moved to avoid the judicial lien under 11 U.S.C. § 522(f)(1). The lower courts ruled that the lien could not be avoided. The Supreme Court reversed, stating:

> The lien in the present case is a judicial lien, and we assume without deciding that it fixed "on an interest of the debtor in property." See *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). The question presented by this case is whether it "impairs an exemption to which [petitioner] would have been entitled under subsection (b)." Since Florida has chosen to opt out of the listed federal exemptions, see Fla.Stat. s 222.20 (1989), the only subsection (b) exemption at issue is the Florida homestead exemption described above. Respondent suggests that, to resolve this case, we need only ask whether the judicial lien impairs that exemption. It obviously does not, since the Florida homestead exemption is not assertable against pre-existing judicial liens. To permit avoidance of the lien, respondent urges, would not preserve the exemption but would expand it.
>
> [2] At first blush, this seems entirely reasonable. Several Courts of Appeals in addition to the Eleventh Circuit here have reached this result with respect to built-in limitations on state exemptions, [FN1 omitted] though others have rejected it. [FN2 omitted] What must give us pause, however, is that this result has been widely and uniformly rejected with respect to built-in limitations on the federal exemptions. Most of the federally listed exemptions (set forth in s 522(d)) are explicitly restricted to the "debtor's aggregate interest" or the "debtor's interest" up to a

maximum amount. See ss 522(d)(1)–(6), (8). If respondent's approach to s 522(f) were applied, all of these exemptions (and perhaps others as well) [FN3 omitted] would be limited by unavoided encumbering liens, see s 522(c). The federal homestead exemption, for example, allows the debtor to exempt from the property of the estate "[t]he debtor's aggregate interest, not to exceed $7,500 in value, in ... a residence." s 522(d)(1). If respondent's interpretation of s 522(f) were applied to this exemption, a debtor who owned a house worth $10,000 that was subject to a judicial lien for $9,000 would not be entitled to the full homestead exemption of $7,500. The judicial lien would not be avoidable under s 522(f), since it does not "impair" the exemption, which is limited to the debtor's "aggregate interest" of $1,000. The uniform practice of bankruptcy courts, however, is to the contrary. To determine the application of s 522(f) they ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he would have been entitled but for the lien itself. [FN4 omitted] [T]his is more consonant with the text of s 522(f)—which establishes as the baseline, against which impairment is to be measured, not an exemption to which the debtor "is entitled," but one to which he "would have been entitled." The latter phrase denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality. "Would have been" but for what? The answer given ... has been but for the lien at issue, and that seems to us correct. *Owen v. Owen*, 500 U.S. 305, 309, 111 S.Ct. 1833, 1836, 1837, 114 L.Ed.2d 350 (1991). On the reasoning of *Owen v. Owen*, the judicial lien that was created by the state court's entry of its Order and Judgment against the Debtors, if allowed to stand, would impair an exemption in their homestead to which the Debtors would have been entitled.

### IV.

### CONCLUSION

Based on the foregoing, it is hereby **ORDERED:**

1. The motion by FCS of Mankato for relief from the 11 U.S.C. § 362 stay is denied.

2. The **Order For Judgment** and **Judgment** entered in Minnesota State District Court, Fifth Judicial District, County of Blue Earth, on September 20th and 22nd respectively, in favor of FCS of Mankato, Inc. d/b/a The Floor to Ceiling Store, Plaintiff, and against Lewis H. Croce and Avie M. Croce, Defendants, Court File: C2–94–1457, in the amount of $18,565.74; and, imposing a lien under Article I, Section 12, of the Minnesota Constitution on the Debtors' homestead, legally described as Lot 13, Block 1, Cree Point Townhomes No. 2, which is located in the City of Mankato, County of Blue Earth, State of Minnesota; **are voided** as having been entered in violation of the 11 U.S.C. § 362 stay. Said **Order For Judgment** and **Judgment have no effect against the Debtors, and do not constitute any lien on said real property, under the Minnesota Constitution or otherwise.**